Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4515 | **DATE** | 8/28/2001 |
| **CASE TITLE** | Northern Contracting, Inc. vs. The State of Illinois, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/29/2001 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies the Federal Defendants' motion for summary judgment without prejudice (Doc. 15-1) and denies the Defendants' motion to dismiss with prejudice (Doc. 17-1).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 29 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 4/0 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CD-7 FILED FOR DOCKETING 01 AUG 28 PM 3: 58 | 8/28/2001 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORTHERN CONTRACTING, INC. )
)
Plaintiff, )
)
v. ) No. 00 C 4515
)
THE STATE OF ILLINOIS, et al., ) Judge Rebecca R. Pallmeyer
)
Defendants. )

### MEMORANDUM OPINION AND ORDER

On July 26, 2000, Plaintiff Northern Contracting, Inc. ("Northern") brought this lawsuit to challenge the facial constitutionality of the federal program designed to provide highway subcontracts to disadvantaged business enterprises ("DBEs") as well as the implementation of that program by the Illinois Department of Transportation ("IDOT"). Specifically, Plaintiff's four-count complaint asks this court to preliminarily enjoin the execution of and declare unconstitutional the following: (1) § 1101(b) of the Transportation Equity Act for the 21st Century, Pub. L. 105-178 (hereinafter, "TEA-21"); (2) 49 C.F.R. Part 26; and (3) the Illinois Department of Transportation's DBE Program. Named as Defendants in this lawsuit are (1) the State of Illinois, Department of Transportation ("IDOT"); (2) Kirk Brown (in his capacity as Illinois Secretary of Transportation); (3) Ana Cecilia Velasco (in her capacity as the Bureau Chief of the IDOT's Bureau of Small Business Enterprises); (4) the United States Department of Transportation ("USDOT"); and (5) Rodney Slater (in his capacity as the United States Secretary of Transportation).

Counts I through III of Plaintiff's complaint are brought only against USDOT

40

and Slater (hereinafter, the "Federal Defendants"). In Count I, Plaintiff claims that "TEA-21 and 49 C.F.R. Part 26 are facially unconstitutional in that they contain impermissible race and gender classifications and preferences relating to the award of federal-aid highway contracts." Complaint ¶ 54. In Count II, Plaintiff claims that, "to the extent TEA-21 and 49 C.F.R. Part 26, facially and as applied, require IDOT to utilize goals for the participation of DBEs selected on the basis of race and gender on federal-aid highway contracts, they invidiously discriminate against white male-owned and controlled contractors." Complaint ¶ 58. And, in Count III, Plaintiff claims that the relevant provisions of TEA-21 exceed "Congress' legislative powers under the Constitution." Complaint ¶ 63. Count IV is brought only against IDOT, Brown and Velasco (hereinafter, the "State Defendants"). In this count, Plaintiff claims that "as a direct and proximate result of the race and gender-conscious measures set forth in the State Defendants' DBE Program . . . a[s] applied by the State Defendants, Northern has been, and will continue to be, denied an equal opportunity to compete for federal-aid and state highway contracts in Illinois," and therefore, Illinois' DBE Program "violates Northern's rights to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1 of the Illinois Constitution, and 42 U.S.C. §[§] 1981, 1983 and 2000(d)." Complaint ¶¶ 66, 67.

On September 25, 2000, the Tenth Circuit issued a decision that, Defendants claim, controls this case. *Adarand Constructors, Inc. v. Slater*, 228 F.3d 1147 (10th Cir. 2000) ("*Adarand VII*"), cert. granted in part sub nom., *Adarand Constructors, Inc. v. Mineta*, ___ U.S. ___, 121 S. Ct. 1598 (2001). *Adarand VII* is the latest decision in

litigation arising from the use in federal subcontracting procurement of the Subcontractor Compensation Clause ("SCC"), which employs race-conscious presumptions designed to favor minority enterprises and other DBEs. *See Adarand VII*, 228 F.3d at 1155. In a 1995 decision in that same case, the Supreme Court held that "any person, of whatever race, has the right to demand that any governmental actor subject to the Constitution justify any racial classification subjecting that person to unequal treatment under the strictest judicial scrutiny." *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 224 (1995) ("*Adarand III*"). After *Adarand III*, the USDOT directed that the SCC not be used in any future invitations for bids, *see Adarand VII*, 228 F.3d at 1159 n.4, 1194 (citing a March 29, 2000 memorandum from Arthur E. Hamilton, Federal Lands Program Manager to Federal Lands Highway Division Engineers); moreover, the relevant statutes and regulations have been revised.[1] Utilizing the "strict scrutiny" standard, the Tenth Circuit in *Adarand VII* concluded that the current DBE provisions of TEA-21, as well as the current USDOT regulations promulgated thereunder, survive constitutional challenge because they are narrowly tailored to serve a compelling governmental interest.[2] *Adarand VII*, 228 F.3d at 1155.

---

[1] For a detailed description of these revisions, see *Adarand VII*, 228 F.3d at 1188-95.

[2] In its Memorandum in Opposition to State Defendants' Rule 12(b)(6) Motion to Dismiss ("Pl.'s Memo in Opp."), Plaintiff urges that the holding in *Adarand VII* is limited to the SCC and that any mention of the federal DBE Program is mere dictum. Pl.'s Memo in Opp., at 3. The court disagrees. The *Adarand VII* court recognized that "the SCC, which spawned this litigation in 1989, is no longer in use." 228 F.3d at 1194. It therefore evaluated the constitutionality of the current statutory
(continued...)

The Federal Defendants believe that the Tenth Circuit's decision in *Adarand VII* disposes of this case. On December 15, 2000, they moved for summary judgment. Three days later, the State Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition to arguing that *Adarand VII* is dispositive on the federal substantive issues, the State Defendants ask the court to dismiss any claim as to the constitutionality or illegality of Illinois' DBE Program because Plaintiff has failed to meet the pleading requirements under the Federal Rules of Civil Procedure.[3] On January 31, 2001, the court granted the Federal Defendants' motion to join the State Defendants' motion to dismiss. For the following reasons, both the motion for summary judgment and the motion to dismiss are denied.

---

[2](...continued)
and regulatory framework, including § 1101(b) of the TEA-21 and 42 C.F.R. Part 26; "to ignore intervening changes in the statutory and regulatory framework underlying this litigation," the court noted, "would be to shirk our responsibility to strictly scrutinize the real-world legal regime against which Adarand seeks prospective relief." *Id.* at 1158.

[3] The State Defendants have suggested that, if the court grants the motion to dismiss Counts I through III of the complaint, it should also certify the question of the Illinois DBE Program's constitutionality (Count IV) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), thus staying the case against the State Defendants pending resolution by the Seventh Circuit. *See* Memorandum of Law in Support of State Defendants' Rule 12(b)(6) Motion to Dismiss, at 15. Because, as discussed below, the court denies the motion to dismiss Counts I through III, it need not address this suggestion.

## DISCUSSION

A.  **Motion for Summary Judgment**

The court first addresses the Federal Defendants' motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C). The court can therefore grant summary judgment to the Federal Defendants only if there is no dispute of material fact as to whether the challenged statute and regulations are narrowly tailored to serve a compelling governmental interest. The *Adarand VII* court set forth the following standard for determining whether a compelling interest exists in this context:

> First, we must determine whether the government's articulated goal in enacting the race-based measures at issue in this case is appropriately considered a "compelling interest" under the governing case law; if so, we must then set forth the standards under which to evaluate the government's evidence of compelling interest; third, we must decide whether the evidence presented by the government is sufficiently strong to meet its initial burden of demonstrating the compelling interest it has articulated; and *finally, we must examine whether the challenging party has met its ultimate burden of rebutting the government's evidence such that the granting of summary judgment to either party is proper.*

*Id.* at 1164 (emphasis added).

After setting this task for itself, the court then turned to a lengthy analysis of the evidence offered by the defendants: evidence, both statistical and anecdotal, relating to numerous congressional investigations and hearings; statements of

legislators during debate on TEA-21; local disparity studies of minority subcontracting; and studies of local subcontracting markets after the removal of affirmative action programs. This evidence satisfied the *Adarand VII* court that the government met its initial burden. *Id.* at 1174-75. The court also considered the arguments offered by Adarand in opposition to the motion for summary judgment. It "reject[ed] Adarand's characterization of various congressional reports and findings as conclusory and its highly general criticism of the methodology of numerous 'disparity studies' . . . ." *Id.* at 1175. Ultimately, the court concluded that "Adarand and the amici curiae supporting it have utterly failed to meet their 'ultimate burden' of introducing credible, particularized evidence to rebut the government's initial showing of the existence of a compelling interest in remedying the nationwide effects of past and present discrimination in the federal construction procurement subcontracting market." *Id.* at 1175. Importantly, however, the court warned that it "d[id] not intend to suggest that the evidence cited by the government is unrebuttable." *Id.* at 1176. Citing a prior Tenth Circuit decision, it noted that such evidence could potentially be rebutted where a plaintiff "specifically identifie[s]" and "put[s] forth evidence" showing "flaws" in the defendant's data. *See id.* at 1175 (citing *Concrete Works of Colo., Inc. v. City & County of Denver*, 36 F.3d 1513, 1530-31 (10th Cir. 1994)).

Here, Plaintiff has not had the opportunity to gather evidence to rebut that submitted by the Federal Defendants. Accordingly, the court denies the Federal Defendants' motion for summary judgment at this stage without prejudice. As

previously ordered by agreement among the parties, the parties shall now engage in an 11-week period of discovery, after which point the court shall be willing to re-entertain the Federal Defendants' motion. Given the variety and overall bulk of evidence proffered by the government and found highly probative by the court in *Adarand VII*, the court believes Plaintiff may face an uphill battle in opposing summary judgment at that time. *See Adarand VII*, 228 F.3d at 1176 ("We conclude that the evidence cited by the government and its amici, particularly that contained in *The Compelling Interest*, 61 Fed. Reg. 26,050, more than satisfies the government's burden of production regarding the compelling interest for a race-conscious remedy."). At this stage, however, the court will not assume that Plaintiff will be unable to generate a record that is more persuasive than the one presented to the *Adarand VII* court.

B.    **Motion to Dismiss**

Turning to the motion to dismiss, the court addresses Plaintiff's two arguments in turn, accepting the well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonable inferences in favor of Plaintiff. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Defendants' first argument is the same one made by the Federal Defendants in their motion for summary judgment–that *Adarand VII* is dispositive of the federal substantive issues in this case. The Tenth Circuit's one sentence caveat dooms this argument as well. *See Adarand VII*, 228 F.3d at 1176 ("We do not intend to suggest that the evidence cited by the

government is unrebuttable.").

Defendants' second argument is that any claim against the State Defendants' DBE Program (i.e., Count IV) must be dismissed due to Plaintiff's failure to properly plead a factual basis for its claim. The Defendants specifically take issue with the fact that Plaintiff begins allegations as to Illinois' DBE Program with the phrase "upon information and belief." For example, in Paragraph 38 of the complaint, Plaintiff asserts: "Upon information and belief, the State Defendants have made no findings of discrimination in the award of federal-aid highway contracts." And in Paragraph 45, Plaintiff alleges: "Upon information and belief, the State Defendants have made no findings of discrimination in the award of state construction contracts."

According to the Supreme Court, "all the [Federal Rules of Civil Procedure] require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993) (citing FED. R. CIV. P. 8). A plaintiff does not need to plead facts in order to meet this requirement; he can plead conclusions as long as the conclusions provide the defendant with at least minimal notice of the claim. *See Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998) (citing *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)). Moreover, "[a]llegations based on 'information and belief' are usually sufficient to meet Rule 8 pleading requirements." *Doe v. Franco Prods.*, No. 99 C 7885, 2000 WL 816779, at *1 (N.D. Ill. June 22, 2000) (quoting *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1280 (N.D. Ill. 1996)). The complaint here

alleges that "the State Defendants' DBE Program requires that 12.5% of the dollar value of its federal-aid highway funds be performed by certified DBEs," Complaint ¶ 36, and that such a program is "not narrowly tailored to a compelling government interest," Complaint ¶ 46, because "upon information and belief, the State Defendants have made no findings of discrimination in the award of" federal-aid highway contracts or state construction contracts. Complaint ¶¶ 38, 45. The court finds these allegations sufficient to place the State Defendants on notice of the claims against them.

For the foregoing reasons, the court denies the Federal Defendants' motion for summary judgment without prejudice (Doc. 15-1) and denies the Defendants' motion to dismiss with prejudice. (Doc. 17-1).

ENTER:

Dated: August 28, 2001

REBECCA R. PALLMEYER
United States District Judge